**FIDELITY TELEPHONE COMPANY, Plaintiff,**

v.

**SHIELDS, BRITTON & FRASER, et al., Defendants.**

**No. 4:93CV01237 GFG.**

United States District Court, E.D. Missouri, Eastern Division.

Jan. 31, 1995.

Edward M. Goldenhersh, Vice–President, Mary Ann L. Wymore, Greensfelder and Hemker, St. Louis, MO, Donald S. Hilleary, Clayton, MO, for plaintiff.

Stephen D. Hoyne, Robert D. Younger, Amelung and Wulff, John J. Mohan, Jr., Partner, St. Louis, MO, Thomas M. Crisham, Marcos Reilly, Hinshaw and Culbertson, Chicago, IL, for defendants.

Robert D. Younger, Amelung and Wulff, St. Louis, MO, Thomas M. Crisham, Hinshaw and Culbertson, Chicago, IL, for John and Jane Does, 1 through 10.

## MEMORANDUM AND ORDER

GUNN, District Judge.

This matter is before the Court on plaintiff's motion to dismiss defendants' counterclaims. In this diversity action, plaintiff Fidelity Telephone Company (Fidelity) seeks damages from defendants "Shields" (one law partnership, two law professional corporations, five individual attorneys and ten John/Jane Does) on theories of breach of fiduciary duties (Count I); intentional misrepresentation (Count II); fraudulent omission (Count III); and conspiracy to breach fiduciary duties and to defraud (Count IV).

The suit arises out of Shields's representation of Fidelity in several lawsuits challenging Southwestern Bell Telephone Company's (SWB) blocking telephone messages sold by American Teledial Corporation (ATC) to Fidelity for processing. Shields was hired by ATC pursuant to a written litigation management agreement between Fidelity and ATC, both of whom wished to challenge SWB's actions. The agreement gave ATC primary

control of the litigation against SWB, including the right to select, retain and manage counsel. The agreement also provided that ATC would pay all litigation costs.

In the amended counterclaims against Fidelity, Shields alleges that Fidelity agreed to ATC's hiring of Shields and that Fidelity accepted and utilized the legal services rendered by Shields until January 18, 1992, when Fidelity discharged Shields. Shields alleges that the value of these services was $159,151.25, of which $61,511.89 remains unpaid. Shields seeks judgment against Fidelity in the amount of the unpaid balance under a theory of unjust enrichment/quantum meruit.

■ Fidelity argues that the existence of the written litigation management agreement specifying that ATC was to pay Shields's fees precludes the counterclaims. The Court agrees. Under Missouri law, to recover under a theory of quantum meruit it is necessary that "the one who rendered services did so under circumstances warranting a proper inference that he expected the recipient of the services to pay for them, and that the latter, in accepting the benefit of the services, was or should have been aware that they were being performed with that expectation." *State ex rel. Danforth v. Kansas City Firefighters Local 42,* 585 S.W.2d 94, 95 (Mo.Ct.App.1979) (State could not recover from union members cost for deployment of National Guard to perform members' duty during strike because proclamation calling out Guard provided that State would pay expenses). Here this expectation is negated by the express understanding of all parties that ATC was solely obligated to pay Shields's fees. Fidelity has not pleaded that its contract with ATC was unenforceable. See generally 66 Am.Jur.2d Restitution & Implied Contracts §§ 6, 16.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss defendants' counterclaims is granted.